Filed 7/29/21  B.Y. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| B.Y.,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF KERN COUNTY,<br><br>        Respondent;<br><br>KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>        Real Party in Interest. | F082835<br><br>(Super. Ct. No. JD140684-00,<br>JD140685-00)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Susan M. Gill, Judge.

B.Y., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]        Before Hill, P.J., Franson, J. and Peña, J.

B.Y. (father) seeks an extraordinary writ from the juvenile court's orders issued at the combined six and 12-month review hearings (Welf. & Inst. Code, § 366.21, subds. (e) & (f))[1] terminating reunification services and setting a section 366.26 hearing on September 9, 2021, as to his two sons, now ages 13 and 10 years old.  Father contends the juvenile court erred in finding that he had not made adequate efforts to avail himself of the reunification services provided by the Kern County Department of Social Services (department).  Father seeks an order for continued services.  We deny the petition.

### FACTUAL AND PROCEDURAL SUMMARY[2]

On February 6, 2020, department filed a section 300 petition alleging four children were at risk of harm due to mother and father/stepfather's history of domestic violence. Petitioner is the noncustodial presumed father of two of the children.

A detention hearing was held February 11, 2020.  Jurisdiction was held April 7, 2020, and disposition on January 5, 2021.  Petitioner, who has been incarcerated since August 21, 2020, was provided with reunification services as to his two children, including parenting and counseling for domestic violence as a perpetrator. Petitioner was to submit to random once monthly drug tests.  If petitioner missed or tested positive, he was to enroll in substance abuse counseling.  Monthly visits were allowed.

The report prepared for the review hearing held May 13, 2021, stated that petitioner had not enrolled in any of his case plan components.  Petitioner was not present, as he was in custody and waived his appearance.  Petitioner's counsel, who was present, objected but submitted on the matter, stating he had no further evidence or argument regarding the recommendation to terminate services.  The juvenile court agreed with the recommendation of the department to terminate services, finding petitioner's

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2]     Factual and procedural summary is taken from the department's report at the time of the six-month review hearing May 13, 2021.

2.

efforts toward alleviating or mitigating the need for placement of the children was "none" and he had "not made acceptable efforts" and "not availed himself" of the services provided. Reunification services for petitioner were terminated and a section 366.26 hearing was set for September 9, 2021.

## DISCUSSION

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

The purpose of extraordinary writ proceedings is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

California Rules of Court, rule 8.452[3], which sets forth the content requirements for an extraordinary writ petition, requires the petitioner to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) In keeping with rule 8.452(a)(1), we will liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Petitioner argues that the juvenile court erred when it terminated reunification services after it determined he had not made adequate efforts to engage in the ordered services. In support of this contention, father offers a number of excuses for failing to participate in services. On the petition for extraordinary writ form he states he was not

---

[3]     All rule references are to the California Rules of Court.

able to complete services because, although he tried to enroll, he was "homeless, in a program and then in August 2020 … was arrested." He also contends he was incompetent during this time period and never said he was giving up his parental rights. Father, however, does not cite to the record or provide evidence to support his claims. Nor does he acknowledge that, at the time of the review hearing, his counsel, while objecting to termination of services, submitted on the recommendation of the department, stating he had no further evidence or argument regarding the recommendation to terminate services.

Petitioner has therefore not complied with rule 8.452 by asserting juvenile court error supported by legal authority and citation to the record. Consequently, his petition is inadequate for review and requires dismissal.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate under rule 8.452. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).